Larry D. Vaught, Judge, dissenting. I join the majority opinion as to the appeal brought by the mother, Dorletha Brinkley, but I dissent because I would also affirm as to the father, Timothy Brinkley. |uOn May 11, 2015, the appellants’ three minor children were removed from Dorle-tha’s custody after she left them unsupervised. Timothy was incarcerated at the time and remained so throughout the case. It is undisputed that Timothy was ade: quately served with the petition for emergency custody.[5] It is further undisputed that Timothy did nothing, and the ease proceeded without his presence or involvement until (DHS) filed a motion to terminate, at which time he was appointed counsel. The court terminated Timothy’s parental rights based on the finding that he had abandoned the juveniles. The issue on which the’majonty and I disagree'is whether Timothy’s incarceration, combined with DHS’s failure to have any contact with him throughout the case, excuses his complete lack of interest in his children. I maintain that it doés not and would affirm the circuit -court’s abandonment finding. Despite knowing that-he has children and that those children had been taken into DHS custody, 1 Timothy did nothing for approximately eighteen months. He did not contact DHS or the court; did not request visitation or other services; did not request an attorney or try to participate in. the case; and most importantly, for more than a year and a half, Timothy made no effort to contact his children. Under the statute, abandonment can be established by “[t]he failure of a parent to support or maintain regular contact with a child without just cause.” Ark. Code Ann. § 9-27-303(2)(A)(Repl. 2015). Here, the majority accepts the circuit court’s finding that Timothy had no contact with his children. The only issue we must resolve is whether Timothy’s failure to maintain any contact with his children was “without just cause.” hsWhile the majority acknowledges that a finding that DHS provided “appropriate services is not an element of the abandonment statutory ground,” it goes on to find that the lack of such services is “relevant in deciding whether Timothy abandoned his children.” I disagree. DHS’s failure to provide appropriate services (something that is not required in an abandonment case) has no bearing on whether a parent attempts to contact his or her children. The majority has not pointed to, and cannot point to, any particular' servicés, the-lack of which prevented Timothy from writing a letter or sending a birthday card to his children. Although it is clear that Timothy made no effort whatsoever to maintain a relationship with his children, the majority holds that “this does not rise to the level of abandonment under a clear and convincing standard.” I fail to see how Timothy could have done any less. Therefore, I fear that the majority is setting the precedent that an inmate can never legally abandon his or her child. Incarceration does not make a person helpless, and Timothy has never claimed that his incarceration or lack of DHS services prevented him from attempting to contact his children. This decision devalues the efforts incarcerated parents take every day to maintain the bond with their children. It also defies legislative intent. The practical effect of the majority’s decision will be to require DHS to provide family services to incarcerated parents who have demonstrated no interest in maintaining a parent-child relationship. The Arkansas General Assembly chose not to include this requirement. While several other statutory grounds for termination require a showing that DHS provided “meaningful efforts,” the abandonment ground does not. It is reasonable to infer that the Arkansas General Assembly determined that it would |1fibe a waste of time and resources to require DHS to provide expensive and time-consuming family services to a parent who shows no interest in being a parent. I dissent from the majority’s decision because it effectively grafts a “meaningful efforts” requirement onto the abandonment ground in defiance of legislative intent and at the expense of the children at the heart of all such cases who deserve permanency. Klappenbach and Brown, JJ., join. . While the majority and I disagree on whether the evidence also demonstrates that Timothy received the court's initial ex parte order granting emergency custody, that issue does not ultimately matter in determining whether he abandoned his children.